**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-02599-NYW

KIRILL VORONKOV,

Petitioner,

v.

JUAN BALTASAR, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
DAVID VENTURELLA, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), filed pro se by Petitioner Kirill Voronkov ("Petitioner" or "Mr. Voronkov") on June 11, 2026. [Doc. 1]. Petitioner also has submitted an "Updated Memorandum in Light of New Case Law." [Doc. 16]. Respondents have filed a Response. [Doc. 18]. For the following reasons, the Petition is respectfully **GRANTED**.

## BACKGROUND

Petitioner, a native and citizen of Russia, is a federal immigration detainee being held at the Aurora Detention Center in Aurora, Colorado. [Doc. 1; Doc. 1-1 at 10–11]. He entered the United States on or about August 18, 2022, seeking "political asylum due to political persecution in Russia," and "was released from custody on [his] own recognizance [on] August 22, 2022." [Doc. 1-1 at 10]. Petitioner attaches a copy of the

Order of Release on Recognizance. [*Id.* at 1–4]. Sometime after his release, Petitioner obtained a work permit and began working as a truck driver. [*Id.* at 10]. He maintains that he "never violated any of the conditions of [his] release" and "was following the law and orders given . . . by ICE or USCIS" while he waited for a hearing on his asylum application. [*Id.*].

Petitioner alleges that on April 29, 2026, he was arrested in Wyoming and taken to a local jail. [*Id.*]. He was transported to the ICE detention facility in Colorado on May 2, 2026. [*Id.* at 11]. He says he was provided no "explanation or documents" upon his arrest, and his later requests for a bond hearing or explanation for his detention have been denied with varying explanations. [*Id.*].

Based on these facts, Petitioner asserts one claim that his arrest and detention are unlawful and violate his right to due process under the Fifth Amendment. [Doc. 1]. As relief, Petitioner seeks release on his own recognizance or, in the alternative, a bond hearing at which the government bears the burden of proving he is either a danger to the community or a flight risk. [Doc. 1-1 at 13].

Respondents allege in their Response that Petitioner received a bond hearing on July 29, 2026, and bond was denied. [Doc. 18 at 1]. According to Respondents, because Petitioner has now been given a bond hearing, he should be directed to file "an amended petition or other statement indicating whether Petitioner believes additional proceedings in this case are necessary." [*Id.*].

## LEGAL STANDARDS

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

Because Petitioner proceeds pro se, the Court affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the [litigant] could prevail, it should do so despite the [litigant]'s failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That said, the Court may not "assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).

**ANALYSIS**

The Court finds that Petitioner should be released, subject to the previous conditions of supervision. The procedures for revoking an order of supervision are governed by 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i). Revocation of release requires that (1) the noncitizen "be notified of the reasons for revocation of his or her release" and (2) the noncitizen be "afforded an initial informal interview promptly after his or her return to . . . custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l); *see also Olivera-Martinez v.*

*Valdez,* No. 26-cv-01120-NYW, 2026 WL 1361538, at *3 n.2 (D. Colo. May 15, 2026) (noting that courts routinely interpret this regulation as requiring notice and informal interview upon revocation of release regardless of reason for revocation). Additionally, § 241.4(l)(2) requires that the decision to revoke release must be made either by the Executive Associate Commissioner or, under certain circumstances, a district director. 8 C.F.R. § 241.4(l)(2).

This Court, along with other courts across the country, have held that (1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release. *See Olivera-Martinez v. Valdez,* No. 26-cv-01120-NYW, 2026 WL 1361538, at *3 (D. Colo. May 15, 2026)*, see also Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 3484756, at *2 (D. Colo. Dec. 4, 2025) (ordering release of noncitizen when ICE failed to follow its own regulations in revoking supervised release) (collecting cases); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152–53 (D. Mass. 2025) ("ICE, like any agency, has the duty to follow its own federal regulations. . . . As here, where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute and ICE fails to adhere to it, the challenged action is invalid." (cleaned up) (citing *Zadvydas*, 533 U.S. at 690)); *Guerra v. Bondi*, No. 25-cv-01240-G, 2026 WL 114258, at *8 (W.D. Okla. Jan. 15, 2026) ("Habeas corpus relief is warranted" where "Respondents' failure to comply with § 241.4(l)(3) resulted in redetention, accompanied by a lack of notice or a meaningful opportunity to respond."); *Funes v. Francis*, 810 F. Supp. 3d 472, 502 (S.D.N.Y. 2025) (finding that the court must order the petitioner's release in "align[ment] with numerous cases releasing habeas petitioners held in custody following procedural

due process violations" (collecting cases)); *Grigorian v. Bondi*, No. 25-cv-022914-RAR, 2025 WL 2604573, at *9–10 (S.D. Fla. Sept. 9, 2025) ("The failure to provide Petitioner with an informal interview promptly after his detention or to otherwise provide a meaningful opportunity to contest the reasons for revocation violates both ICE's own regulations and the Fifth Amendment Due Process Clause. This compels Petitioner's release. Courts around the country have concluded likewise." (collecting cases)).

Respondents make no attempt to dispute Petitioner's allegations that he was arrested without notice or a prompt interview to address the reasons for the revocation of his release. Nor do they contend that the Government complied with the applicable regulations before revoking Petitioner's release. Instead, without any citation to authority, Respondents suggest that Petitioner is no longer entitled to release because he received a bond hearing on July 29, 2026, where bond was denied. [Doc. 18 at 1]. But Petitioner has been in Respondents' custody since at least May 2, 2026. [Doc. 1-1 at 10]. An unexplained two-month delay, in which Petitioner was detained without notice of the basis for his re-detention or an opportunity to be heard, does not satisfy the applicable regulations or due process by any stretch of the imagination. As this Court has explained, "Respondents may not detain first, and justify later." *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *5 (D. Colo. May 15, 2026) (granting habeas petition where government detained noncitizen for almost a month before obtaining a warrant, rather than doing so within 48 hours as required by regulation). To permit the Government to flout its own regulatory procedures and then excuse such conduct because it belatedly complied at its leisure would render such protections a dead letter. *See id.* at *5–6. And release is an appropriate remedy where detention lacks a "lawful

predicate." *Id.* at *6 (quoting *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)).

Accordingly, the Court respectfully **GRANTS** the Petition and **ORDERS** Respondents to release Mr. Voronkov **within 48 hours**, subject to the terms of his previous Order of Release on Recognizance.[1] No later than **September 11, 2026**, Respondents **SHALL FILE** a status report informing the Court of (1) whether Petitioner was released; (2) if Petitioner was re-detained, whether Respondents complied with the requirements of 8 C.F.R. § 241 and provided a prompt explanation for his re-detention and an opportunity to be heard; and (3) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Respondents are **ORDERED** to release Petitioner, subject to the terms of his previous Order of Release on Recognizance, **within 48 hours of the entry of this Order**; and

(3) No later than **September 11, 2026**, Respondents **SHALL FILE** a status report informing the Court of (1) whether Petitioner was released; (2) if Petitioner was re-detained, whether Respondents complied with the

[1] To be clear, this Court does not pass on whether the Government may properly revoke Petitioner's Order of Release on Recognizance. But should Respondents attempt to revoke Petitioner's release in the future, they must comply with the procedures prescribed by regulations to avoid running afoul of due process.

requirements of 8 C.F.R. § 241; and (3) whether any additional proceedings in this matter are required.

DATED: August 28, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge